UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH L. ROBINSON, | ) | CASE NO. 1:21-cv-02144 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM ORDER AND** |
| LOUIS DEJOY, | ) | **OPINION** |
| POSTMASER GENERAL, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | | |
| Defendant. | | |

Before the Court is Defendant Louis Dejoy, Postmaster General of the United States Postal Service's ("Defendant" or "USPS") Motion to Dismiss (ECF No. 13) Plaintiff Kenneth L. Robinson's ("Plaintiff" or "Robinson") Complaint (ECF No. 1). For the reasons discussed below, the Motion is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff, an African American man, has been an employee of the USPS since September 23, 1993. (ECF No. 1, *Robinson II* Compl. at PageID #2). Throughout the course of his employment with the USPS, he applied for several promotions, and was denied. (*Id.* at PageID #2-4; ECF No. 13-2, , *Robinson I* Compl. at PageID #55-58). Plaintiff has filed two lawsuits related to these denials.[1]

#### 1. *Robinson I*

On March 13, 2019, Plaintiff filed a complaint in the United States District Court for the

---

[1] *See Kenneth L. Robinson v. Megan J. Brennan*, Case No. 1:19-cv-00559 (hereinafter "*Robinson I*") and *Kenneth L. Robinson v. Louis Dejoy, Postmaster General, United States Postal Service*, Case No. 1:21-cv-02144 (hereinafter "*Robinson II*").

1

Northern District of Ohio alleging that he experienced race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (ECF No. 13-2, *Robinson I* Compl. at PageID #58-59). In *Robinson I*, Plaintiff alleged that he suffered a continuous hostile work environment and discrimination based on his race and in retaliation for engaging in protected activity. (*Id*. at PageID #54). Plaintiff asserted that in March 2014 he was falsely linked to criminal and corrupt acts of an African American former employee of the USPS. (*Id*. at PageID #55). As a result, he was denied an opportunity for advancement to the position of District Vehicle Maintenance Manager in the Cleveland Vehicle Maintenance Facility ("VMF"). (*Id*.). Plaintiff further contended that he continued to be denied advancement due to continued discrimination and in retaliation for filing a charge with the United States Equal Opportunity Commission ("EEOC"). (*Id*.). He also claimed that the denial of advancement and promotion, and racial hostility toward him, continued through the date of filing the *Robinson I* lawsuit. (*Id*.). Plaintiff claimed that he was denied more than thirty promotions based on racial discrimination and retaliation that resulted in injury including economic damages, pain and suffering, loss of income, humiliation, emotional distress and loss of enjoyment of life. (*Id*. at PageID #58-59).

    a. **Discovery**

During written discovery in *Robinson I*, the USPS inquired into the alleged thirty denied promotions and Plaintiff provided a spreadsheet[2] listing approximately fifty USPS positions he applied for between March 2014 and June 2018. (ECF No. 13, Mot. to Dismiss at PageID #43). The spreadsheet included an EAS-21 VMF Manager position in Pittsburgh, Pennsylvania ("the Pittsburgh Position") that he was denied on February 28, 2018. (ECF No. 13-3, *Robinson I* Spreadsheet at PageID #65). During his deposition, Plaintiff testified about the positions included

---

[2] *See* ECF No. 13-3, *Robinson I* Spreadsheet at PageID #61-65.

in the spreadsheet, including the Pittsburgh Position. (ECF No. 13, Mot. to Dismiss at PageID #43). Plaintiff testified that in 2018 he applied for the Pittsburgh Position and he was not selected in retaliation for filing a claim with the EEOC. (ECF No. 13-4, *Robinson I* Depo. at PageID 175-76).[3]

### b. Settlement and Dismissal

On August 30, 2021, Defendant filed a motion for summary judgment on all claims in *Robinson I*. (ECF No. 13, Mot. to Dismiss at PageID #44). In October 2021, the Parties engaged in settlement discussions and submitted a joint motion to stay the proceedings in order to finalize their agreed upon "settlement of all claims in this matter." (*Id*. at PageID #44; ECF No. 13-1, *Robinson I* Mot. to Stay at PageID #51).

On November 22, 2021, Plaintiff filed a motion to voluntarily dismiss *Robinson I* pursuant to Fed. R. Civ. P. 41(a)(1)(b). (ECF No. 13-7, *Robinson I* Mot. to Dismiss at PageID #970). In the motion, Plaintiff stated that during settlement discussions, a disagreement arose regarding "a global settlement of any and all claims, known or unknown, that Plaintiff might have against it and that exist up to this point in time." (*Id*.). Plaintiff stated that he did not intend or negotiate for a global settlement and release of all such claims, especially given the fact that he was still employed by the USPS and may have an unknown claim against the USPS in the future. (*Id*. at PageID #970-71). Plaintiff also stated that he had filed a separate case against the USPS that was pending – *Robinson II* – and did not believe the Pittsburgh Position should be included in the *Robinson I* settlement. (*Id*. at PageID #971).

On November 30, 2021, the USPS opposed Plaintiff's motion to dismiss, arguing that the

---

[3] The only other position listed in the spreadsheet located in Pittsburgh, Pennsylvania is an EAS-25 Regional Fleet Operations Manager position that Plaintiff applied for on June 1, 2016 and was not selected for. (ECF No. 13-3, *Robinson I* Spreadsheet at PageID #64).

settlement was meant to include all claims listed in the spreadsheet, including the Pittsburgh Position, and therefore *Robinson II* included a claim already encompassed in *Robinson I*. (ECF No. 13-8, *Robinson I* Opp. at PageID #973-74). The USPS also asserted that *Robinson I* should be allowed to proceed on the merits if Plaintiff refused to settle all claims at that point. (*Id*. at PageID #974). The USPS also argued that dismissing *Robinson I* without prejudice would be inappropriate and allow Plaintiff to forum shop and get another bite at the apple with a new lawsuit. (*Id*. at PageID #974-75). On January 1, 2022, District Judge Christopher A. Boyko dismissed *Robinson I*, with prejudice, noting that the court found "Plaintiff's recent conduct in the settlement negotiations troublesome." (ECF no. 13-9, *Robinson I* Dismissal at PageID #995-96).

   2. *Robinson II*

On November 11, 2021, eleven days before moving to voluntarily dismiss *Robinson I*, Plaintiff filed this action in the United States District Court for the Northern District of Ohio. ((ECF No. 1, *Robinson II* Compl.). Plaintiff alleges that that he experienced race discrimination and retaliation in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (*Id*. at PageID #4-6). In this action, he asserts that he applied for and was denied the Pittsburgh Position in retaliation for previously filing a complaint with the EEOC against the USPS for race discrimination; he argues that the denial constituted racial discrimination, disparate treatment, and hostility against him in the workplace. (ECF No. 1, *Robinson II* Compl. at PageID #2-4). Plaintiff claims the alleged racial discrimination and retaliation has resulted in injury including economic damages, pain and suffering, loss of income, humiliation, emotional distress and loss of enjoyment of life. (*Id*. at PageID #5-6).

B.  Procedural Background

On September 6, 2022, Defendant filed its Motion to Dismiss (ECF No. 13). On October 20, 2022, Plaintiff filed his Opposition to the motion (ECF No. 15). On November 3, 2022, Defendant filed its Reply in Support of the motion. (ECF No. 16).

## II.  LEGAL STANDARD

A party may move to dismiss a claim against it when the claimant has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the complaint's legal sufficiency. *Riddle v. Egensperger*, 266 F.3d 542, 550 (6th Cir. 2001). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. LAW AND ANALYSIS

The USPS argues that Plaintiff's Clams in *Robinson II* are barred by the *res judicata* doctrine of claim preclusion. (ECF No. 13, Mot.to Dismiss at PageID #46). "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S.Ct. 1808, 1814 (2001) (Claim preclusion is distinguishable from the *res judicata* doctrine of issue preclusion that "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.").

"Pursuant to the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009); quoting *Montana v. United States*, 440 U.S. 147, 153 (1979). The term "*res judicata*" literally means "a thing adjudged" or "a matter decided." 46 Am. Jur. 2d Judgments § 442. When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*.

A. **Plaintiff exhausted his administrative remedies.**

Plaintiff argues that res judicata cannot apply because the claims in Robinson II could not have been advanced in Robinson I; this Plaintiff avers is because he had not yet exhausted his

6

administrative remedies on those claims as mandated by the EEOC. (ECF No. 15, Opp. at PageID #1002). Prior to filing *Robinson I*, Plaintiff filed two EEOC Charges: EEO Agency No. 1C-441-2015-0054-14 ("EEOC #1") and EEO Agency No. 4V-363-0001-18 ("EEOC #2) (collectively the "*Robinson I* EEOC Charges"), on November 4, 2014 and January 9, 2018, respectively. (ECF No. 15, Opp. at PageID #1003). Plaintiff attempts to set out the chronology of the EEOC's investigation into EEOC #2, and argues that it is important for the Court to understand that the EEOC dismissed his formal complaint in EEOC #2 on February 5, 2018, before he was denied the Pittsburgh Position on February 28, 2018. (*Id*. at PageID #1005). He then goes on to allege that there was no investigation by the EEOC of any activity in his workplace related to EEOC #2 after February 2, 2018 or after he initiated the process on November 13, 2017. (*Id*. at PageID #1006).

1. **Chronology of EEOC #2**

Plaintiff filed EEOC #2 on January 9, 2018. (ECF No. 15-2, EEOC #2 Final Agency Decision at PageID #1015). The EEOC considered "whether he was discriminated against based on race and in reprisal for prior EEO activity when: 1) Since March 2014, he has been overlooked for promotions; and 2) Since March 2014, he has been the subject of an investigation." (*Id*.) On February 5, 2018, the EEOC formally dismissed the complaint for 1) stating the same claim previously denied in EEOC #1, and 2) failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1).[4] (*Id*. at PageID #1016). Plaintiff appealed and the EEOC affirmed the dismissal of the complaint. (*Id*.) On December 14, 2018, upon final review of the decision and the entire record, the EEOC denied EEOC #2 and informed Plaintiff of his right to sue. (*Id*.) During the pendency of Plaintiff filing and appealing the dismissal of EEOC #2, Plaintiff applied for the

---

[4] "Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under § 1614.103 or § 1614.106(a) or states the same claim that is pending before or has been decided by the agency or Commission. 29 C.F.R. § 1614.107(a)(1).

Pittsburgh Position. (ECF No. 15, Opp. at PageID #1005).

2. **Exhaustion of Administrative Remedies**

In General, a Title VII plaintiff cannot bring claims that were not part of the original EEOC charge in a new lawsuit. *Poweleit v. DeJoy*, Case No. 1:22-cv-00194, 2023WL274377 *3 (S.D. Ohio March 31, 2023); *See* 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). However, courts may "consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Poweleit*, 2023WL274377 *3; (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010)); (*see Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)).

"The Sixth Circuit suggests Plaintiff is not required to exhaust administrative remedies with respect to a claim of retaliation for filing an EEOC charge." *Maeder v. Hollywood Casino*, 97 F.Supp.3d 941, 947 (S.D. Ohio March 20, 2015) (Holding a defendant's exhaustion defense does not apply to a plaintiff's retaliation claim because by definition, retaliation claims arise after filing an EEOC charge.); *see Scott v. Eastman Chem. Co.*, 275 Fed.Appx 466, 473-74 (6th Cir. 2008) ("Courts have held that retaliation growing out of the EEOC charge is reasonably foreseeable and therefore a plaintiff is not required to file yet another EEOC charge."). Plaintiff's argument that EEOC #2 could not have been included in *Robinson I* because it was filed, investigated, and dismissed before he was denied the Pittsburgh Position is misguided. (ECF No. 15, Opp. at PageID #1005-06).

The alleged race discrimination and retaliation in the *Robinson I* EEOC Charges formed the basis of the of the *Robinson I* lawsuit. (*Id*. at PageID #1003-004). In the *Robinson II* Complaint, Plaintiff alleges that the denial of the Pittsburgh Position "constituted retaliation for his protected activity of filing charges with the EEO, including [the *Robinson I* EEOC Charges]."

(ECF No. 1, *Robinson II* Compl. at PageID #4). The *Robinson I* EEOC Charges contained specific allegations of race discrimination and retaliation – being denied promotion – which would have prompted the EEOC to investigate Plaintiff's retaliation claim. *See Poweleit*, 2023WL2743777 at *4 (Plaintiff's formal EEOC complaint contained specific allegations of escalating discipline following a previous EEOC report of discrimination. The court held that the facts alleged in her formal complaint would have prompted an investigation into retaliation and the USPS could have reasonably expected the allegations in the EEOC report might lead to investigation.).

Keeping in mind that Plaintiff was denied the Pittsburgh Position on February 28, 2018 and that the EEOC did not issue its final decision until December 14, 2018, the claims in *Robinson II* could have reasonably grown out of an investigation of EEOC #2. Thus, the denial of the Pittsburgh Position, allegedly in retaliation to filing the *Robinson I* EEOC Charges, was reasonably foreseeable and did not require the filing of an additional EEOC charge. *See Poweleit*, 2023WL2743777 at *4 ("In the Sixth Circuit, retaliation that grows out of a separate EEOC charge is 'reasonably expected' and thus does not require a separate EEOC filing.") (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002)); *see Scott*, Fed.Appx at 473-74. Therefore, Plaintiff could have litigated the Pittsburgh Position claim in *Robinson I* and he exhausted his administrative remedies related to same..

**B. *Res judicata* bars Plaintiff's claims in *Robinson II*.**

In order to prevail on a *res judicata* defense, a defendant must show there was: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their 'privies'; 3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and 4) an identity of the causes of action." *Bragg*, 570 F.3d at 776; citing *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir.1997).

The USPS argues that Plaintiff's claim in *Robinson II* satisfies all of these elements.  (ECF No. 13, Mot.to Dismiss at PageID #46-49).

1. **There was a final decision on the merits by a court of competent jurisdiction in *Robinson I*.**

"A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001); (citing *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991) (a voluntary dismissal with prejudice "is a complete adjudication on the merits of the dismissed claim.")).  In *Robinson I*, Plaintiff moved to voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(2) and on January 10, 2022, Judge Christopher A. Boyko dismissed *Robinson I* with prejudice.  (ECF no. 13-9, *Robinson I* Dismissal at PageID #996).  That dismissal operates as a final adjudication of *Robinson I* on the merits and element one is satisfied.

2. **The *Robinson I* and *Robinson II* lawsuits are between the same parties.**

It is undisputed that *Robinson I* and *Robinson II* both involve the same Plaintiff and Defendant.  Therefore, element two is satisfied.

3. **The Pittsburgh Position was previously litigated in *Robinson I*.**

To determine whether element three is satisfied, the Sixth Circuit considers whether a claim could have been brought in the prior litigation.  *See Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 383 (6th Cir. 2019); *Browning v. Levy*, 238 F.3d 761, 772-73 (6th Cir. 2002).  "Under claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented." *Okparaocha v. Lazarus*, 129 F.3d 1264 (Table), *1 (6th Cir. 1997); citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert denied*, 116 S.Ct. 1848 (1996).

As discussed above, this Court finds that Plaintiff could have litigated his claims related to the Pittsburgh Position in *Robinson I* because they were foreseeable. The Court also finds that the Pittsburgh Position was litigated in *Robinson I*. Plaintiff was denied the Pittsburgh Position on February 28, 2018, approximately ten months before the EEOC issued its final decision for EEOC #2 on December 14, 2018, and more than one year before *Robinson I* was filed on March 13, 2019. (ECF No. 15, Opp. at PageID #1003-05). Plaintiff submitted a list of positions that he had been denied in response to the USPS' interrogatories in *Robinson I*; the list identified the Pittsburgh Position . (ECF No. 13, Mot. to Dismiss at PageID #43). Plaintiff testified during his deposition in *Robinson I* that he was denied the Pittsburgh Position due to discrimination and in retaliation for filing EEOC claims. (*Id*. at PageID #43-44; ECF No. 13-4, *Robinson I* Depo. at PageID #175-76). The Court finds that the mentioned written discovery and deposition testimony integral to the discovery process in *Robinson I*. Therefore, the Pittsburgh Position was litigated in *Robinson I* and element three is satisfied.

   4. **The *Robinson I* and *Robinson II* lawsuits have an identity of cause of action.**

In *Robinson I and Robinson II*, Plaintiff brought forth a claim alleging that he experienced race discrimination and retaliation in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (ECF Nos. 13-2, *Robinson I* Compl. at PageID #58-59; (ECF No. 1, *Robinson II* Compl. at PageID #4-6). In both of the lawsuits, he alleges that he was denied promotion due to race discrimination and in retaliation for engaging in protected activity. (*Id*. at PageID #54-55; *Id*. at PageID #2-4). He also argues in both lawsuits that he has suffered injuries including economic damages, pain and suffering, loss of income, humiliation, emotional distress and loss of enjoyment of life. (*Id*. at PageID #58-59; *Id*. at PageID #5-6). Therefore, both lawsuits have an identity of cause of action. Plaintiff argues that *res judicata* does not apply because the

claims "did not arise from the same series of transactions or nucleus of facts." (ECF No. 15, Opp. at PageID #1010). The Court disagrees.

An identity of cause of action is shown "if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 383 (6th Cir. 2019); (quoting *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008)). "If there is an identity of 'the facts creating the right of action and of the evidence necessary to sustain each action,'" element four's evidentiary component looks to "whether the same underlying factual evidence could support and establish both [claims]." *Bourdow Contracting*, 919 F.3d at 383-84; (quoting *Sanders Confectionery Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) and *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014) (The critical consideration for determining whether two suits involve the same claim or cause of action is the operative "factual overlap" between the claims); (quoting *United States v. Tohono O'odham Nation*, 563 U.S. 307, 315, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011)).

Plaintiff filed EEOC #1 complaint on November 4, 2014, claiming that he was denied job opportunities on the basis of race, because he was linked to another African American manager who was investigated for corrupt activity. (*Id*. at PageID #1003). He filed EEOC #2 and *Robinson I*, alleging continued discrimination and retaliation for filing EEOC #1. (*Id*. at PageID #1003-04). Last, he filed a third EEOC claim (EEOC #3) on September 24, 2018 claiming that he was denied the Pittsburgh Position based on continued discrimination and in retaliation to filing the *Robinson I* EEOC Charges. (*Id*. at PageID #1004-05). The claims in EEOC #3 are the claims now before this Court. (*Id*. at PageID #1004; ECF No. 1, *Robinson II* Compl. at PageID #4).

Plaintiff's own allegations and arguments demonstrate the factual overlap between all of

his EEOC charges, as well as *Robinson I* and *Robinson II*. It is clear that Plaintiff believes and alleges that he did not receive the Pittsburgh Position in retaliation for filing the *Robinson I* EEOC Charges. Thus, the denial of the Pittsburgh Position is an extension of and arose from the conduct alleged in *Robinson I*. In fact, as previously mentioned, the allegations regarding the Pittsburgh Position were integral to the discovery process in *Robinson I*. Plaintiff cannot argue that the denial of the Pittsburgh Position did not arise from the same nucleus of facts as *Robinson I*, yet use the facts alleged and litigated in *Robinson I* as a basis for his retaliation claim related to the Pittsburgh Position. Element four is satisfied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 13). Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: September 21, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**